Matter of Pontillo v Pearce
2026 NY Slip Op 02840
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of John Pontillo, appellant,
v
Ida Pearce, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2025-07388, (Docket No. F-2307-13)
Francesca E. Connolly, J.P.
Linda Christopher
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

John Pontillo, Rye Brook, NY, appellant pro se.
Legal Services of the Hudson Valley, Poughkeepsie, NY (Rachel Saunders of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Dutchess County (Jeffrey C. Martin, J.), dated May 27, 2025. The order, after a hearing, denied the father's petition to terminate his child support obligation with respect to one of the parties' children.
ORDERED that the order is affirmed, with costs.
By amended judgment of divorce dated January 6, 2014, the father was directed to pay child support for the parties' children until the children were "emancipated." A stipulation of settlement, which was incorporated but not merged into the amended judgment of divorce, provided that the children would be emancipated upon, inter alia, "establishing a permanent residence away from that of either parent."
In January 2024, the father petitioned the Family Court to terminate his child support obligation with respect to one of the parties' children (hereinafter the subject child) based on the constructive emancipation of the subject child. In an order dated May 27, 2025, the Family Court, after a hearing, denied the father's petition. The father appeals.
"It is fundamental public policy in New York that parents are responsible for their children's support until age 21" (Matter of Langenhahn v Langenhahn, 241 AD3d 551, 552 [internal quotation marks omitted]; see Matter of Gold v Fisher, 59 AD3d 443, 444). "'However, under the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation may forfeit any entitlement to support. A child's mere reluctance to see a parent is not abandonment'" (Matter of Langenhahn v Langenhahn, 241 AD3d at 552, quoting Matter of Barlow v Barlow, 112 AD3d 817, 818). "[W]here it is the parent who causes a breakdown in communication with his or her child, or has made no serious effort to contact the child and exercise his or her parental access rights, the child will not be deemed to have abandoned the parent" (Matter of Kenneth H. v Dawn P., 214 AD3d 731, 732 [internal quotation marks omitted]; see Matter of Glen L.S. v Deborah A.S., 89 AD3d 856, 857). "Such a breakdown in communication between a parent and a child may result from the parent's malfeasance, misconduct, neglect, or abuse" (Matter of Shisgal v Abels, 179 AD3d 1070, 1072 [internal quotation [*2]marks omitted]; see Matter of Barlow v Barlow, 112 AD3d at 818). "Where a child justifiably refuses to continue a relationship with a parent due to such parental conduct, the child will not be deemed to be self-emancipated" (Matter of Shisgal v Abels, 179 AD3d at 1072; see Matter of Barlow v Barlow, 112 AD3d at 818). "'The burden of proof as to emancipation is on the party asserting it'" (Matter of Langenhahn v Langenhahn, 241 AD3d at 552, quoting Schneider v Schneider, 116 AD2d 714, 715).
Here, the father failed to establish that the subject child actively abandoned the father without justification (see Matter of Kenneth H. v Dawn P., 214 AD3d at 732; Rafferty v Rafferty, 199 AD3d 725, 727-728). The record demonstrates that it was the father who caused the breakdown in communication with the subject child, through his misconduct toward the subject child, and that the subject child justifiably refused to continue the relationship.
The father also failed to demonstrate that the subject child was emancipated pursuant to the stipulation of settlement. "A stipulation of settlement that has been incorporated but not merged into a judgment of divorce is an independent contract binding upon the parties" (Sabau v Sabau, 222 AD3d 1017, 1018; see Matter of Gravlin v Ruppert, 98 NY2d 1, 5). "A court should interpret a contract such as a separation agreement in accordance with its plain and ordinary meaning, and should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Frantz v Marchbein, 216 AD3d 746, 749 [internal quotation marks omitted]; see Kirk v Kirk, 207 AD3d 708, 711). "Agreements are construed in accordance with the parties' intent, and the best evidence of intent is the written instrument" (Kirk v Kirk, 207 AD3d at 711 [internal quotation marks omitted]; see Van de Walle v Van de Walle, 200 AD3d 1095, 1098). "Accordingly, where the language of the agreement is clear and unambiguous, the court should determine the intent of the parties based on that language without resorting to extrinsic evidence" (Frantz v Marchbein, 216 AD3d at 749 [internal quotation marks omitted]; see Schaff v Schaff, 172 AD3d 1421, 1423).
Contrary to the father's contentions, he failed to establish that the subject child was emancipated pursuant to the stipulation of settlement (see Sanders v Sanders, 150 AD3d 781, 784). Here, the record demonstrates that the subject child resided with the mother and is financially dependent on the mother.
Accordingly, the Family Court properly denied the father's petition.
The father's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court